UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV250-J

CARLA SULLENGER                                                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is plaintiff Carla Sullenger's challenge to the decision of the Commissioner denying her claim for disability insurance benefits. The matter was referred to United States Magistrate Judge W. David King who recommends that the Decision of the Commissioner be upheld. This Court has conducted a de novo review of the specific, written objections of the plaintiff and finds that the Report and Recommendation of the Magistrate Judge should be adopted and the Decision of the Commissioner should be affirmed.

Ms. Sullenger claims that she became disabled as a result of back pain, uncontrollable seizures and depression (Tr. 87). After the first Unfavorable Decision was remanded, Administrative Law Judge James Craig issued the final Decision of the Commissioner on July 8, 2004. He found that she suffers from degenerative disc disease and depressive disorder, impairments that are severe, but do not meet or medically equal listed impairments (Tr. 376). Though she cannot return to her past relevant work, the ALJ found the claimant capable of performing some sedentary work, including surveillance system monitor, order clerk, and information clerk jobs. Plaintiff has appealed from this unfavorable Decision.

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are as follows: 1) Dr. Parker's assessment of mental functional capacities, as accepted by the ALJ, compelled a

favorable conclusion upon the ultimate issue of disability; 2) the ALJ erroneously rejected the expert medical opinions of Dr. Zetter; 3) the ALJ erred in his consideration of pain and credibility; 4) Other Errors including the ALJ's failure to consider Listing 1.04 and the failure to identify conflicts between the vocational testimony and authoritative vocational standards.

The Court has reviewed plaintiff's voluminous objections and discussion, as well as the medical evidence of record. As a preliminary matter, the magistrate's assessment is correct that this Court lacks jurisdiction to review any other determination except the final Decision of the Commissioner. Accordingly, to the extent that they suggest the ALJ failed to follow the remand instructions, plaintiff's arguments must fail. In response to plaintiff's vehement objections to the handling of Dr. Parker's mental assessments, the Court is not persuaded by plaintiff's analysis that "fair" ability equals "marked" ability in light of the Sixth Circuit's refusal to adopt similar holdings from other jurisdictions. With regard to the ALJ's rejection of Dr. Zetter's disabling opinions, we concur with the magistrate's analysis on this issue and find that the ALJ had sufficient reasons to decline to accept those opinions. The Court finds no error in the ALJ's pain and credibility analysis, and declines to disturb those holdings. The ALJ was in the best position to make those determinations, and is deserved of this Court's deference. Finally, the Court is not persuaded that the claimant's back condition meets Listing 1.04. Had counsel so wished, he could have questioned the vocational expert about any conflicts between his testimony and the applicable "authoritative vocational standards."

Accordingly, the Magistrate Judge's Report and Recommendation is adopted. An Order in conformity has this day entered.